DEC 1 8 2019
DEC 18 2019
CLERK U S DISTRICT COURT
DISTRICT ARIZONA
DEPUTY

Specially Appearing; Garland Fort, Michele Fort , Joseph Charles and Taisha Nunga
P. O. BOX General Delivery
Laveen, Az 85339
Email: ggraceisrael@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Garland Fort, Michele Fort, Joseph Charles and Taisha Nunga<br><br>   Plaintiff[s],<br><br>**vs.**<br>RIVERSIDE COUNTY HOUSING AUTHORITY [RHA'S], Carrie Harmon, Director and Michael Walsh, Assistant Director<br><br>   Defendant[s], | **Case No.:**  CV-19-5847-PHX-DLR<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MONETARY DAMAGES**<br><br>**AMOUNT EXCEEDS OVER $25,000**<br>**REQUEST FOR JURY TRIAL** |

Dated this day on 12 17 2019

## INTRODUCTION

**1.** This action is respectively brought by the Plaintiff[s] Garland Fort, Michele Fort Joseph Charles and Taisha Nunga filed a complaint against the Defendant[s] Riverside Housing Authority [RHA's], Carrie Harmon who serves as the Director and Michael Walsh who serves as the Assistant Director [collectively, "Defendants"]. Plaintiff[s] seek declaratory, injunctive, and monetary relief for alleged violations of the Constitution and federal law. Plaintiff[s] informed and believes and thereon alleges that the Defendant[s],

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

violated the Fair Housing Act, 42 U.S.C. 3601 et seq., and Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601-3619; and among other violations;

Most importantly and in plain view, the Defendant[s] discriminatory conduct, actions and wrongdoings was racially motivated, due to the Plaintiff[s] race and color which led to the Defendants[s] degradation of authority, racial disparity, prejudice, bigotry, impartiality, negligence, failure to exercise the Plaintiff[s] rights with no regards to due process, and failure to act intelligently, wisely and fairly as to date.

Defendant[s], [ collectively, " RHA's housing providers"] and each of them disguised their discrimination by giving the Plaintiff[s] false information about housing availability, programs and services and saying that nothing was available and claiming that the estimated wait time is 6 months to three years before any assistance hoping to steer the family away. Defendant[s] "RHA's housing providers"], and each of them knew or should have known that the Plaintiff[s] exhibited an extreme emergency, dire of need or crisis after being put on notice on or about 03 18 2019 that the Plaintiff[s] was in jeopardy of becoming homeless and evicted from their house that they rented for nearly 10years because of unpaid rent.  Plaintiff[s] informed  and believes and thereon alleges that after trying to retrieve their retirement benefits [Fort] him and his wife discovered that their CALPERS 401 retirement pension plan had been compromised and stolen causing them to fall behind on monthly rent payments. The Defendant's racial disparities were so apparent in fact RHA's had mailed an eligibility housing choice packet [aka section 8 packet] to a non-homeless applicant.

Furthermore, Plaintiff[s] informed  and believes and thereon alleges that the RHA's had purposely targeted and discriminated against him and his family due to race, **PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

2 of 34

color and among other things. As a matter of fact, when Mrs. Fort emailed the RHA's director Carrie Harmon she stated, "Mrs. Fort, watch out for the mail your husband Mr. Fort should be receiving a packet [section 8 packet] in the mail". This agency hidden agendas claiming that the head of household or applicant or spouse must provide the agency with a certificate of disability by a license medical doctor to be eligible for the housing choice voucher program. This is not true. Clearly, this agency acts, and omission violates the Fair Housing Act, 42 U.S.C. 3601 et seq., the law prohibits discrimination based upon race, color, income, disability, sex, family status, nationality, religion and demographic area. In other words, willfully delaying the eligibility process proves their discriminatory agendas in the RHA's 2019-2020 administration plan it states the following " Families who are determined to be ineligible will be notified in writing of the reason for denial and given an opportunity to request an informal review. Supporting exhibits reveals that the Defendant[s] ignored their fiduciary obligations owed to the Plaintiff[s] failure to act reasonable, and within a timely fashion claiming that they were waiting on Fort to provide a certificate of disability is untrue, inaccurate, and corrupted.

Sadly, Plaintiff[s] suffered great harm due to the Defendant[s] gross negligence and discrimination. As to date, the RHA's has not provided any homeless assistance to the Plaintiff[s. Plaintiff[s] is currently homeless and due to Defendant continued racial disparities Plaintiff was forced to move to State of Arizona to avoid discrimination and among other things;

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

3 of 34

*The filing of this complaint has become extremely necessary furthermore Plaintiff[s] seek to file a motion for summary judgement, oral argument and request that this courts appoint legal counsel to represent the parties in this action [Enclosed is attached declaration the reason why the courts should approve this request and appoint legal counsel to represent them in this action in the matter of Fort, Charles and Nunga  v. RHA's, Harmon and Walsh.*

## JURISDICTION AND VENUE

**2.** This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o);

**3.** Venue is proper pursuant to 28 U.S.C. § 1391(b)(2); in the District of Arizona since the events giving rise to this claim original occurred in Riverside County, California and now in the State of Arizona, Maricopa County. Plaintiff[s] Taisha Nunga has been a resident of Maricopa County for over 10years;

## THE DEFENDANT[S]

**4.** At all times relevant to the allegations contained herein, The Riverside County Housing Authority [RHA's],"[The Housing Authority]" is a public housing authority in Riverside County, California and receives federal funding from the Department of Housing and Urban Development "[HUD]", pursuant 24 C.F.R. §§ 905.10 and C.F.R §§990;        This federal program, commonly referred to as the section 8 program

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

offers housing subsidies to low-income families who meet certain eligibility requirements and comply with specified obligations. 24 C.F.R. §§ 982;

**5.** The Riverside County Housing Authority [RHA's], Carrie Harmon who serves as the Director and Michael Walsh who serves as the Assistant Director; True names and/or capacities, whether induvial, corporate, associate, employee[s], director[s] manager[s], supervisor[s] or otherwise, of Defendant[s] inclusive, are unknown to Plaintiff[s] and family at this time and who therefore sues said Defendant[s] fictitiously named herein is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and thereby proximately and legally caused the injuries and damages to Plaintiff[s] and family. Plaintiff[s], will ask leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendant[s], when the same have been ascertained;

**6.** Riverside County Housing Authority [RHA's], Mission Statement; The Housing Authority of the County of Riverside is a public agency chartered by the State of California to administer the development, rehabilitation or financing of affordable housing programs.  The mission of the Housing Authority is to transform and promote healthy, thriving communities, re-ignite hope and restore human dignity through the creation and preservation of high quality and innovative housing and community development programs which enhance the quality of life and revitalize neighborhoods to foster self-sufficiency.  The Housing Authority has been serving Riverside County for over 60 years. Refer to website address:    https://www.harivco.org/

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

## STATEMENT OF FACTS AND BACKGROUND OF CASE

- Plaintiff Garland Fort, Michele Fort, Joseph Charles and Taisha Nunga informed and believes and thereon alleges that the Riverside County Housing Authority [RHA's], and each of them, by the acts it's managing acts, engaged in willful and unlawful activities and have violated The Fair Housing Act, 42 U.S.C. 3601 et seq., based on; race, color, religion, sex, national origin, familial status, income, and disability and among other violations;

## TIMELINE OF EVENTS AND /OR EMAILS

**7.** On or about 07 21 2009 Fort filled out the Authority's application online for the housing choice voucher program. Fort was initially residing in the County of San Bernardino when he first applied for the housing program. On or about 04 20 2011 Fort and his family moved to Riverside County;

**8.** In 2011 Fort contacted the RHA's online and updated the current address on the housing application for the housing choice voucher program [residing in the county of riverside];

**9.** On or about 03 18 2019 to present Fort sent the RHA's multiple emails, letters to document previous complaints requesting for homeless prevention services, and/or assistance and for the county to issue an emergency voucher such as main stream voucher which is designed for individual at the risk of becoming homeless or is homeless etc;

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

6 of 34

On or about 03 18 2019 RHA's employee Mrs. J. Graham responded to Fort email stating the following; " I am in receipt of email and that RHA's cannot simply issue a voucher based upon a written request and to be eligible for the program we needed to be *income eligible for the program* and meet the current local preferences for the Housing Authority of the County of Riverside which are:

FIRST LEVEL

1)     1) County of Riverside Residency Preference, **and**

2)     2) Qualified veterans, **or**

3)     3) Families whose head of household or co-head is 75 years of age and older, **or**

4)     4) Families or Foster Care Youth referred to the HA by the Riverside County Public Child Welfare Agency PCWA) for admission through the Family Unification Program (HUD designated special purpose vouchers), **or**

5)     5) Participants who have utilized a special rental assistance program administered by the Housing Authority of the County of Riverside for a minimum of a six (6) month term and no longer require supportive services;

SECOND LEVEL

1)     County of Riverside Residency Preference, **and**

2)     Working Families with minors or Elderly families or Disabled families;

On or about 03 18 2019 Fort responded to RHA's employee J. Graham reporting the family income receiving SSI benefits for a disabled family member, and requested for an informal hearing;

On or about 03 18 2019 employee J. Graham notified Fort by email stating that

7 of 34

she removed Fort wages, the household no longer meet the working family with minor

children preference and a household/family member[s] receiving disability does not

qualify for the <u>disabled preference</u> <u>and in order to meet required preferences the head</u>

<u>of household or spouse must be elderly, disabled or working family member with minor</u>

<u>children;</u> Fort informed and believes and thereon alleges that the RHA's and each of

them discriminated when they rejected or denied preferences points claiming SSI did

not support certificate of disability for a disabled family member in the home [as noted

on J. Graham and Harmon's email specifies the qualifications for the housing choice

voucher. Defendant[s] violated the <u>Fair Housing Act,</u> 42 U.S.C. 3601 <u>et seq.,</u> due to disability,

income, race, color, religion, demographic location, household status, employment

status etc.;

**10.** On or about 03 20 2019 Fort emailed RHA's director Carrie Harmon requesting

an informal hearing, for the county to issue housing choice voucher and to discuss other

relevant issues. Fort continued calling the RHA's leaving multiple messages and

requesting a telephone call back from the Director Carrie Harmon;

**11.** On or about 03 21 2019 Fort requested homeless assistance services for the

county to issue a housing choice voucher and if J. Graham could forward complaint to

the Director of the Riverside Housing Authority;

**12.** On or about 03 25 2019 Fort requested for RHA's Director's contact information

because Harmon did not respond and to needed to verify that they had the correct

email;

**13.** On or about 04 17 2019 RHA's Director Carrie Harmon contacted Fort by

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

8 of 34

telephone briefly discussing issues Fort requested for Harmon to schedule an informal meeting Harmon agreed to meet with Fort on 05 01 2019 at 1:30 pm location; Riverside County Housing Authority address; 5555 Arlington Riverside, Calf.;

On or about 05 01 2019 ] early that morning Fort emailed RHA's employee[s] C. Hue, J. Graham and T. Neilson requested the agency to provide copies of relevant supporting documentation[s] such as; copies of Fort initial housing choice voucher waitlist applications, proof of current preference level, information for the homeless prevention rental assistance program including application to apply for services, copies of administration plan and whether or not the RHA's plans to issue emergency housing choice voucher to the family to prevent homelessness etc;

On or about 05 01 2019 Fort arrived 1hr. late to the meeting and RHA's employee[s] C. Hue was instructed for Fort to put their concerns in writing; Hue asked Fort if they still both wanted to continue with the meeting Fort was asked to wait in the lobby while she went to get the other three employee[s]  [C. Hue, J. Graham and T. Nelison] sometime during the meeting the families had asked C. Hue <u>whether or not their agency participated or administered the homeless prevention program which is based on extreme emergency for families facing chronic homelessness pursuant to 24 CFR 982.203;.</u>  During the meeting <u>Fort was told that RHA's did not offer those type of services or assistance nor did they offer emergency housing choice vouchers.</u>  Fort stated that she had read the RHA's administration plan specifically addressing homeless prevention and that they agency did offered services and assistance such as the mainstream voucher program which is a federal funded program designed to help families that is homeless or at the risk of becoming homeless. Fort requested to speak

*9 of 34*

1   to a homeless prevention specialist Fort briefly spoken to employee T. Torno

2   concerning their family emergency and dire need of homeless prevention assistance

3   and that the county could issue Fort family a voucher under the mainstream housing

4   choice program which is designed to prevent chronic homelessness. Torno "stated that

5   Fort need to first file out an application" "to determine eligibility for the homeless

6   prevention assistance program". Fort requested for the county to provide them w/

7   application "but the county did not supply" or give Fort an application [until 07 12 2019]

8   instead Torno requested Fort to provide her with name, address, telephone number,

9   email address, family size and income. Torres provide her business card with her

10  contact information;

11       Plaintiff[s] informed  and believes and thereon alleges that the Defendant[s] violated

12  the Fair Housing Act, 42 U.S.C. 3601 et seq., due to race and color [ collectively,

13  " RHA's housing providers"] and each of them disguised their discrimination by giving

14  the Plaintiff[s] false information about housing availability, programs and services and

15  saying that nothing was available and steering Plaintiff[s] to certain other agencies

16  and/or failure to provide homeless prevention assistance. Defendant[s] "RHA's housing

17  providers"], and each of them knew or should have known that the Plaintiff[s] exhibited

18  an extreme emergency, dire of need or crisis after being put on notice on or about 03 18

19  2019 that the Plaintiff[s] was in jeopardy of becoming homeless and was going to be

20  evicted from their house that they rented for nearly 10years because of unpaid rent.

21       **14.** On or about 05 07 2019 Fort requested for the RHA's employee J. Graham if

28  **PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

she could forward Fort email to the Director Carrie Harmon and that  T. Torno hasn't

return any of Fort calls after leaving multiple messages on her voice mail answering

machine;

05 07 2019 Director Carrie Harmon responded to Fort email stating that she was

in receipt of Fort email and will provide a written response within 10 business days also

stating that this will include detailed information on the process and procedures for

applying for a <u>mainstream voucher</u>. Eligibility for those vouchers is restricted to non-

elderly people with disabilities who are;

transitioning out of institutional or other separated settings;

at serious risk of institutionalization;

<u>homeless; or at risk of becoming homeless .and that the program includes supportive</u>

<u>services;</u>

**15.** On or about 05 09 2019 Fort submitted an affidavit of truth dated on 05 05 2019

supporting documentation and exhibits to the RHA's Director Carrie Harmon in

reference to homeless prevention assistance and for her agency to issue a main steam

voucher [this voucher is designed for induvial who is at the risk of becoming homeless

or who is homeless pursuant to 24 CFR 982.203];

**16.** On or about 05 10 2019 R. Pan re-filled an unlawful detainer against Fort

alleging past due rent owed to R. Pan Fort filed a timely respond and on 07 17 2019 a

trial date was set all parties was present the matter was heard by Commissioner Samra

Furbush a judgement entered against the Plaintiff R. Pan and <u>favorable to the</u>

<u>Defendant[s] Fort;</u>

**PLAIN**

*11 of 34*

**17.** On or about 05  2019 Fort filed a timely housing discrimination complaint online with the HUD Fair Housing against the Riverside County Housing Authority alleging; discrimination please refer to inquiry no. 585228;

**18.** On or about 05 24 2019 fair housing employee Stephen Cogswell contacted Fort by email regarding a recent complaint filed against Riverside Housing Authority specifically reporting discrimination. Furthermore, Cogswell requested additional information to provide the series of incidents that characterize the discrimination that the Fort household experience including short detail of events;

**19.** On or about 06 05 2019 RHA's director Carrie Harmon  responded to an email as noted "we have no new information for you.  As stated in prior emails, you are active on the Section 8 waiting list.  Your wait time is estimated to be 6 months – 3 years depending on voucher availability;

Fort informed and believes and thereon alleges that the Defendant[s], [ collectively, " RHA's housing providers"] and each of them disguised their discrimination by giving the Plaintiff[s] false information about housing availability, programs and services and saying that nothing was available and claiming that the estimated wait time is 6 months to three years hoping to steer the family away. The evidence reveals that shortly after on or about 06 18 2019 applicant  K. Arnold received an eligibility housing choice voucher packet from the agency and for all required documentation must be return to the office on or before 06 27 2019. In fact, the evidence will prove that Fort did not receive a housing choice eligibility packet until after his wife emailed Harmon to inquiry if her husband could transfer Arnold's registration [because her name shouldn't  be

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

*12 of 34*

released prior to and/or having preference greater than an applicant who is at the risk of becoming homeless etc.]; also [refer 24 CFR 982.203];

**20.** On or about 06 25 2019 RHA's director Carrie Harmon responded to email as noted " the change you are requested is not permitted.  Your daughter may add your husband and additional household members to the application.  Ms. Arnold will need to qualify for the preferences as would any other head of household who is released from the waiting list. Garland Fort is already registered as a Head of Household on the current waiting list";

**21.** On or about 07 10 2019 Fort sent an email to RHA's director Carrie Harmon as noted "I have not received the packet I hope to receive expedite the process since I'm facing homelessness and I have upcoming court";

**22.** On or about 07 11 2019 Fort contacted the RHA's employee T. Torno as noted "Good Day Torno, I have called you several times left messages and emails to you and so far I have not heard from you re: services I need help with paying rent and the last time we spoke back in 05 01 19 you indicated that I may be eligible for services";

On or about 07 11 2019 Fort received an email by RHA's employee T. Torno as noted "We are happy to coordinate time for you to complete an application for our CDBG Homeless Prevention Program. We have a case manager who is available to meet with you to complete the application tomorrow, Friday July 12th. Does 8AM, 9AM, 10AM or 11AM work for you? The meeting would be here at our Riverside office: 5555 Arlington Ave., Riverside, CA.

13 of 34

**23.** On or about 07 12 2019 Fort received an email by RHA's employee T. Torno as noted "Attached is a copy of the CDBG Homeless Prevention application. Once we receive your application, I will follow up with you by phone to confirm your eligibility for the program;

**24.** On or about 07 16 2019 Fort contacted the RHA's Director Carrie Harmon by email as noted " in reference to the upcoming eviction court date 07 17 2019 requesting homeless prevention assistance; as to date your agency failure to provide services after being put on notice the family was at the risk of becoming homeless.

On or about 07 16 2019 Harmon responded to the email as noted " I am currently out of the office and providing her direct contact number";

On or about 07 16 2019 Fort emailed Fair Housing employee Stephen Cogswell and the RHA's Director Carrie Harmon as noted " in reference to inquiry no. 585228 please see attached affidavit complaint requesting the Fair Housing to file discrimination charges against Riverside Housing Authority Director Carrie Harmon;

**25.** On or about 07 17 2019 Fort fill out the "Housing First Program Application [CDBG application] and the eligibility housing choice packet directly emailed to Harmon and sent the original copies certified mail to the RHA's located on 5555 Arlington Riverside, Calf. Attn: Carrie Harmon;

**26.** On or about 07 17 2019 Fort contacted RHA's Director Carrie Harmon requesting for her to contact the HUD headquarters for clarification regarding the rules and regulations if the head of household or spouse must be disabled to be eligible for the housing choice voucher program etc.;

14 of 34

On or about 07 17 2019 RHA's Director Carrie Harmon responded to Fort as noted "that often some confusion about section 8 eligibility and local preferences re-alleging that pursuant to the riverside county housing administration plan five preference levels for selecting families from the waiting list.  In order for the Housing Authority to go to the next level of preference all applicants from the previous preference must be exhausted.   The Housing Authority is currently selecting applicants from the second level preference which is as follows: Live or work in Riverside County and

2.    Working family with minor children; or

3.    Elderly (Head of Household or Co-head); or

4.    Disabled ((Head of Household or Co-head).


Refer to RHA's website admin plan; 4.2 page 17 [waiting list preference] or

**https://www.harivco.org/Portals/0/Policies%20and%20Regulations/2019/HCV_Ad**

**ministrative_Plan_eff_7-1-19.pdf?ver=2019-08-15-123403-980**

**27.** On or about 07 18 2019 RHA's employee S. Adams contacted Fort by telephone to inquiry about the eviction and what happen at court on 07 17 2019? Fort had asked Adams, why was she asking about what happen after the fact instead of the agency providing emergency assistance Fort told her that she was waiting on the courts to send a copy of the judgement and/or minute order and for the agency to provide assistance;

**28.** On or about 07 23 2019 Pan refiled an unlawful detainer against Fort alleging past due rent owed to R. Pan On or about 08 23 2019 a default judgement was entered against Fort to vacate premises on or before 08 29 2019; [Fort was not served with UD complaint default entered];

*15 of 34*

**29.** On or about 07 25 2019 Fort contacted RHA's employee Carrie Harmon by email to inquiry status of voucher and eligibility;

**30.** On or about 07 29 2019 Fort emailed Fair Housing employee Stephen Cogswell checking the status of investigation and inquiry no. 585228 and the letter that was emailed to him on 07 16 2019 titled "complainant request to file charge of discrimination against RHA's";

**31.** On or about 08 05 2019 Fort meet with RHA's employee T. Torno [principal development specialist] in person at the Hemet office located on State St. during the meeting Fort discuss the agencies failure to timely provide application for homeless assistance after being put on notice on 03 18 2019 that they needed homeless prevention assistance.  During the conversation Torno claimed that on 07 12 2019 she had previous emailed Fort documents requesting for them to provide relevant information so that she could determine eligibility. Fort informed and believes and thereon alleges that the Defendant[s], [ collectively, " RHA's housing providers"] and each of them disguised their discrimination by giving the Plaintiff[s] false information about housing availability, programs and services causing intentionally delays, requesting for the same forms repeatedly as a matter of fact on the letter dated on 08 02 2019 it was noted " CDBG eligibility and documents must be returned to the RHA's office by 07 31 2019; however the documents was emailed and sent certified mail on or about 07 17 2019;

ALSO, DURING THE MEETING, Torno, told Fort that her and her family needed to move out their house and find them a one-bedroom apartment and said, "I know Mr.

16 2f 34

Roger must be good to allow you and your family to continue living in the home". When Fort begun voicing her concerns telling Torno that she doesn't know anything about Mr. Pan and the condition of their home, Torno immediately started to apologize the meeting ended on that note";

**32.** On or about 09 10 2019 during an interview with RHA's employee S. Adams Fort submitted in writing her reasonable accommodation request as noted "for the agency to pay Fort security deposit, including utility deposit assistance and to increase the payment standard at 120R% or above 120% FMR; enclosed Fort provided the agency supporting medical documentation from her treating physician related to same;

**33.** On or about 10 09 2019 during briefing interview RHA's employee D. Barragan issued Fort a three-bedroom housing choice voucher [voucher expiration date 12 07 2019

**34.** On or about 10 23 2019 Fort, meet with Mr. R. Pan, at his property located on Cross Gateway St. [This is the property where Fort and his family was evicted from after nearly residing for 10yrs]; Pan agreed to re-rent his house to Fort. Fort immediately contacted RHA's employee D. Barragan to schedule an appointment with R. Pan, Barragan agreed to meet with Pan at the Riverside office on 10 24 2019 at 1:00pm On or about 10 24 2019 Fort received an email from Barragan stating that Pan contacted her on the telephone to cancel the appt. Afterall, it was Pan's wife who decided not to move forward. Fort re-alleges and believes that prior to the eviction filed on 06 2019 Pan had been told by RHA's employee during a conference call between Fort, Pan and RHA's rep. told Pan that Fort had recently submitted will be submitting an application for

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

17 of 34

rental assistance and that the agency would be paying up to three months of back rent to Pan;

**35.** On or about 10 31 2019 Fort received an email by RHA's employee D. Barragan requesting Fort to put in writing reasonable request for accommodation to increase the payment standard so that the assistant director Mike Walsh final approval;  Harmon denied request of reasonable accommodation on 11 16 2019 as stated in her email;

**36.** On or about 11 05 2019 Fort emailed RHA's an affidavit of truth/complaint document request for reasonable accommodation[s] to increase payment standard and to address issues concerning RHA's intentionally delaying or causing delays in the eligibility process by discriminating against the Fort and his family when he and his wife had been told that that they must be disabled and must provide proof of certificate of disability by a license medical doctor in order to be eligible for the housing choice program and before the RHA's issue Fort and his family a housing choice voucher;

**37.** RHA's Harmon, noted in her email dated on 11 16 2019 that her team processed your RFTA application for the Lake Elsinore unit and the reasonable accommodation request submitted in conjunction with the RFTA to rent the larger unit; RHA's Harmon, claims that she was denying Fort reasonable request to increase the payment standard and the RFTA application because her team was not able to identify the nexus to the disability justifying the need to having a larger unit or five bedroom and the medical provider did not fully complete the form for each disabled household member as required and that I will be receiving a denial letter;

Fort informed and believes and thereon alleges that the Defendant[s],

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

*18 of 34*

1   [ collectively, " RHA's housing providers"] and each of them disguised their

2   discrimination by giving the Plaintiff[s] false information about programs and services.

3   RHA's and each of them violated the Fair Housing Act 42 U.S.C. 3601 et seq., based upon

4

5   race, color, and disability the evidence reveals that Fort RFTA application should've

6   been approved because supporting medical documentation was faxed to the agency

7   specifically related to the family needs in which required special housing

8   accommodation[s] as follow; Patient Fort requires extra housing space to maximize all

9   daily activities dated on 09 06 19, certificate of disability dated on 09 06 2019,

10  verification for separate bedroom dated on 09 25 2019  and reasonable accommodation

11  request form exception payment standard dated on 11 08 2019 as noted; Patient Fort

12

13  requires large residential for isolated individuality, Patient and family is inclusive of three

14  adults with disabling conditions requiring excessive accommodation with physical

15  attribute for induvial daily activities to preclude and mental and physical catastrophic

16

17  events. As noted on the HUD website [under questions and answers] it clearly states

18  **that if the need for the requested accommodation or modification is also readily**

19  **apparent or known, then the provider [RHA's], may not request any additional**

20  **information** refer to HUD website address

21  https://www.hud.gov/program_offices/fair_housing_equal_opp/reasonable_accommodat

22
    ions_and_modifications   or RHA's administration plan
23
    https://www.harivco.org/Portals/0/Policies%20and%20Regulations/2019/HCV_Administr
24
25  ative_Plan_eff_7-1-19.pdf?ver=2019-08-15-123403-980

26

27

28  **PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

**ALSO REFER TO MEDICAL RELEASE OF INFORMATION** or Diagnosis; HIPPA

Privacy Rule sets the standard for sensitive patient data protection;

**38.** On or about 11 12 2019 Fort requested for RHA's to remove son J. Charles off

voucher after receiving a disturbing email from her adult child "stating this is J. I do not

want to be on the Fort voucher so take him off".  Fort, re-alleges and believes RHA's

employee Harmon, and each of them knew or should have known that the family

needed homeless assistance and/or services including; financial assistance, housing

placement, disability accommodation or providing necessary doctors forms without

delays, expedite RFTA application [negotiation rent without delays, FMR increase] and

family support;

Fort informed and believes and thereon alleges that her son J. Charles begun

lashing out on the family because of lack of housing, frustration, anguish and emotional

distress. Fort re-alleges and believes that they were forced to remove their son's name

off the voucher and requested that RHA's continued processing the RFTA application;

this innocent and poor family received no help from this agency because of

discrimination to the fullest extent;

**39.** On or about 11 27 2019 Plaintiff[s] Fort informed and believes and thereon

alleges that the Defendant[s], [ collectively, " RHA's housing providers"] and each of

them disguised their discrimination by giving the Plaintiff[s] false information about

<u>housing availability, programs and services and among other things</u>  forcing them to

move out of town to the State of Arizona due to the agency continued discriminatory

conduct, failure to provide homeless assistance to minimize damages, financial

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**



20 of 34

assistance, denial of RFTA application which now led to family to find housing outside of the agency jurisdiction to avoid impropriety, harm and among other things;

## FIRST CLAIM FOR RELIEF

## Discrimination

**40.** Plaintiff[s] Fort informed and believes and thereon alleges that the Defendant[s], [ collectively, " RHA's housing providers"] and each of them violated the <u>Fair Housing Act,</u> 42 U.S.C. 3601 <u>et seq.</u>, due to race, color, disability, income, age, sex, family status, and demographic area[ collectively, " RHA's housing providers"] and each of them disguised their discrimination by giving the Plaintiff[s] false information about <u>housing availability, programs and services</u>  pursuant to <u>24 CFR 982.203 and</u> 24 C.F.R. §§ 982;<u>];</u> and saying that nothing was available and steering Plaintiff[s] to certain other agencies and/or failure to provide <u>homeless prevention assistance</u>. Defendant[s] "RHA's housing providers"], and each of them knew or should have known that the Plaintiff[s] exhibited an <u>extreme emergency, dire of need or crisis</u> after being put on notice on or about 03 5 2019 that the Plaintiff[s] <u>was in jeopardy of becoming homeless and was going to be evicted from their house that they rented for nearly 10years because of unpaid rent</u>;

Plaintiff[s] informed and believes and thereon alleges and herein incorporates by reference the allegations] set forth as noted above [statement of facts/timeline of events]; Fort and family an "aggrieved person" within the meaning of 42 U.S.C 3602(i);

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

as a result of Defendant[s] discriminatory conduct, Fort and family has suffered actual injury and damages;

Defendant[s], through the above-referenced actions, have:

a.   Discriminated in the rental, or otherwise made unavailable or refused to re-negotiate for the rental of or denied a dwelling to Fort and family because of a disability in violation of 42 U.S.C. 3604(f)(1)(a);

b.   Discriminated in the terms, conditions, or privileges of sale or rental of a dwelling in violation of 42 U.S.C 3604(f)(2)(a); and

c.   Refused to make reasonable accommodations in rules, policies, practices or services, which were necessary to afford Fort and Family equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C 3604(f)(3)(a);

The discriminatory actions of the Defendant[s] were intentional, willful, and taken in disregard of the federally protected rights of Fort and family; The complainants and other persons who were subjected to the RHA's discriminatory techniques alternatively, the RHA's discriminatory actions and failure to act were negligent because the RHA's knew or should have known about their malicious degradation of authority, breach of duties, procedural due process, and failure to adequate measures to stop, prevent or correct the discriminatory behavior;

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

22 of 34

**SECOND CLAIM FOR RELIEF**

**Discrimination**

**41.** Plaintiff[s] informed and believes and thereon alleges and herein incorporates by reference of the allegations set forth [Statement of Facts and timeline of events];

Defendant[s], through the above-referenced actions, have:

a.      Fort and family an "aggrieved person" within the meaning of 42 U.S.C 3602(i); as a result of Defendant[s] discriminatory conduct, Fort and family has suffered actual injury and damages;

b.      Defendant[s], by their conduct, statements, actions and failure to act, as set forth above have;

a.      A pattern or practice of resistance to the full enjoyment of rights granted by the fair housing act, 42 U.S.C § 3601 et seq., in violation of 42 U.S.C § 3614(a); or;

b.      A denial to a group of persons rights granted by the fair housing act, 42 U.S.C § 3601 et seq., which raises an issue of general public importance, in violation of 42 U.S.C § 36149a);

Plaintiff[s] informed and believes and thereon alleges and herein and for the record several other families, induvial has been a victim of discrimination and therefore

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

*23 of 34*

the United States Office of Civil Rights should conduct a swift and thorough investigation A family by the last name D. Woods-Davis and J Cruz AND

Plaintiff[s] informed and believes and thereon alleges and herein; A family T. Nunga and her children is a victim of discrimination due to color, race, disability, family status, demographic area, portability [voucher from Arizona to California] agency is required to pay etc. and therefore Nunga believes that her RFTA application was intentionally denied knowing that she was in jeopardy of losing her voucher the agency is required to approve RFTA if or when a voucher is about to expire RHA's denied Nunga's RFTA application on two separate occasion ultimately Nunga was forced to port her voucher back to Phoenix Arizona Housing Authority; T. Nunga and her children have suffered actual injury and damages as a result of Defendant[s] discriminatory conduct, and gross negligence;

## THIRD CLAIM FOR RELIEF

### Business & Professions Code 17200 et seq.

**42.** Plaintiff[s] informed and believes and thereon alleges and herein and incorporates by reference every allegation contained in the paragraph as noted above of this complaint as through set forth herein;

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

24 of 34

Defendant[s] and each of them engaged in unlawful and unfair business practices prohibited by California Business & Professions Code 17200, et seq by virtue of the foregoing acts and omissions;

Plaintiff[s] was harmed as a result of said practices, policies, malicious degradation of authority and willfully had a duty to comply with all applicable state and local laws governing the Plaintiff[s] rights owed to them;

As a direct and proximate result of the aforementioned acts and omissions, the Defendant[s] and each of them have been unjustly enriched at the expense of Plaintiff[s] and Plaintiff[s] and family is entitled to restitution in amount to be proven at trial;

## FOURTH CLAIM FOR RELIEF

### Negligence

**43.** Plaintiff[s] informed and believes and thereon alleges and herein and incorporates by reference every allegation contained in the paragraph as noted above of this complaint as through set forth herein;

[The Housing Authority]" is a public housing authority in Riverside County, California and receives federal funding from the Department of Housing and Urban Development "[HUD]", pursuant 24 CFR §§ 905.10 and CFR §§990; At all times relevant to this complaint, Carrie Harmon, served as the Director and Mike Walsh, served as the Assistant Director; True names and/or capacities, whether induvial, corporate, associate, employee[s], director[s] manager[s], supervisor[s] or otherwise, of
**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**



25 of 34

Defendant[s] inclusive, are unknown to Plaintiff[s] and family at this time and who therefore sues said Defendant[s] fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and thereby proximately and legally caused the injuries and damages to Plaintiff[s] and family;

Plaintiff[s] re-alleges and believes the Defendant[s] had a duty to exercise reasonable care, primarily and sole obligations to prevent chronic homeless on behalf of applicant[s], household member[s], induvial or families at risk becoming homelessness or is homeless and have a duty to comply with all applicable, federal, state and locals laws and must not obstruct Plaintiff[s] from receiving any type of services especially during a critical dire need etc.;

Defendant[s] and each of them the conduct alleged above was so negligently and careless maintained, operated and managed and to breach the duties that they owed to Plaintiff[s] and family;

As a direct and proximate result of these breach of duty by Defendant[s], and negligence, Plaintiff has sustained catastrophic injuries, emotional distress, pain and suffering, and loss of personal belongings or property and loss their rented residential property and the damages in amounts to be determined at trial;

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

26 of 34

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIFTH CLAIM FOR RELIEF**

**Loss-of-use Damages**

**44.** It is axiomatic under California law that a Plaintiff[s] loss-of-use damages are "measured by the difference between market value and the rent-controlled rate of the subject premises" for the period the Plaintiff[s] who have continued living there. [Castillo v. Friedman [1987] 197 Cal.App.3d Supp. 6, 20-21], the rental value of real property is its fair rental value in the open market when offered under ordinary circumstances. General damages recoverable for wrongful eviction include the present cash value of the lost future possessory interest in the rent-controlled apartment [Beeman v. Burling [1990] 216 Cal. App. 3d 1586, 1600];

Plaintiff[s] re-alleges and believes that the supporting evidence reveals that on or about 07 17 2019 the Plaintiff[s] unlawful detainer court trial the proceeding judge or commissioner that heard the matter ruled in favorable of Fort [R. Pan v. Fort] which means when the Defendant[s] failed the fiduciary duties owed to Fort they would've continue residing in their 5bed 3bth residential home; at that time he was a California resident until recently when Fort and family was forced to relocate due to the agency discriminatory conduct that appears to exist until this day;

As a direct and proximate result of the aforementioned acts and omissions, the Defendant[s] and each of them have been unjustly enriched at the expense of Plaintiff[s] and Plaintiff[s] and family is entitled to loss-of-use damages in amount to be proven at trial;

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

27 of 34

### THE ADMINISTRATIVE COMPLAINT

**45.** On or about 05 20 2019 Garland Fort and Michele Fort filed a

Fair Housing Discrimination Complaint inquiry no. 585228 against the Riverside County

Housing Authority [RHA's], and Carrie Harmon, who served as the Director.

On or about 05 24 2019 Fort received an email from the Fair Housing, employee

Stephen Cogswell, who requested in his email for the Plaintiff's Garland Fort and

Michele Fort, to provide a detailed description of incidents/events, dates and times,

location and names of the people involved. In fact, immediately after Fort received

Cogswell email they begun cc; Cogswell, in multiple emails between the two parties

[Fort & RHA's Harmon] with detailed incidents of events that occurred in reference to

Fort requesting [RHA's Harmon], to provide emergency homeless prevention assistance

and/or requested reasonable accommodation and that the emergency services was

needed because of an disabled family member in the home. Cogswell knew or should

have known that RHA's was in violation of the fair housing discrimination laws, rules

and regulations. Cogswell was cc: in multiple emails and on or about 07 16 2019 Fort

had emailed Cogswell a letter requesting Fair Housing to file charge of discrimination

against the Riverside County Housing Authority [RHA's], and each of them may have

well aided and abetted by failure to act reasonable and acted discriminatory against Fort

and family and failure to act within the power of their authority to do so regardless of the

families status, disability, aged, nationality, religion, race, color, and employment status.

And on or about 11 23 2019 Fair Housing employee Johnathan Gast email Fort alleging

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

*28 Of 34*

that the fair housing lacks  jurisdiction over the matter against the Housing Authority of

the County of Riverside, under HUD inquiry number 601588, which you started with our

office in November 2019. That was the subject of the letter sent to you on November 21,

2019. I will certainly forward your appeal to my supervisor for review. And on 12 05

2019 Fort received an email Fair Housing employee Johnathan Gast claiming that his

office does not have jurisdiction over the matter furthermore Fort re-alleges and

believes fair housing failure to investigate discriminatory actions as required pursuant to

The Fair Housing Act, 42 U.S.C. 3601 et seq. ,  . In plain light,  Plaintiff[s] provided a

copy of this complaint to the Fair Housing Discrimination Unit, prior to filing this action in

district court, in other words the evidence shows, and reveals that the Fair Housing

failed to properly, adequately, and true-fully investigate the Plaintiff[s] complaint. Again,

we all should be concerned especially if or when this type of conduct poses a problem,

danger, harm or threat to the public, community and to the people. Fair Housing Testing

Program seeks to uncover this kind of hidden discrimination and hold those responsible

accountable. As, we see in this case this did not happen, But I must state the facts as

presented;

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

*29 of 34*

**PLAINTIFF[S] CLOSING PRAYER;**

To the Most High God of Israel, "THY FATHER" who made the Heavens, the Earth, and the Sea, including all the peoples in it.  "For those that have ears, "let them hear these TRUE AND FAITHFUL words", Father God, when you first formed me in my mother's womb, you blessed me with your spirit, which is of LOVE, not of FEAR and a SOUND MIND. In the beginning, it was your WORD and the MESSAGE of Old " and that great message was for us to Love one another", And also, Jesus Christ your first begotten son came and preached that same message, and he also said for us to love one another and be not as Cain" although, my family and I is HOMELESS, it was your will for a short time hoping for the people may plainly see in the midst of the rules of darkness in this world so it want be any excuses, In other words, when you see your Brother or Sister that needs your HELP and not suffer them harm;

I Pray and hope on this day, "that we may all humble as a little child" and flee from evil, hatred, greed and pride and seek good for the Father and Jesus Christ is good to all that believes. I am the witness because his testimony is rooted in my soul the very essence of eternal life, now let the Holy peoples of the Lord Jesus Christ say Amen!

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

*30 Of 34*

**46. PLAINTIFF[S], REQUEST THE COURTS TO ENTER ORDER FOR JUDGEMENT AGAINST THE DEFENDANT[S] RIVERSIDE COUNTY HOUSING AUTHORITY, Carrie Harmon and Michael Walsh as follow;**

**WHEREFORE,** Plaintiff[s], Garland Fort, Michele Fort, Joseph Charles and Taisha Nunga prays that this Court enter an ORDER for Riverside Housing Authority [RHA's], employee[s], Carrie Harmon and Mike Walsh, within 30days from date entry of judgement as follow;

Award Plaintiff[s] Garland Fort, Michele Fort  Joseph Charles and Taisha Nunga to receive **compensation for actual damages;**

**including out-of-pocket expenses** and recovery of damage or if loss storage bill[s] including: recovery of all personal property or belongings and/or items; such as furniture, jewelry, electronics, books, household items, clothing, instruments, audio equipment, tools, patio furniture, including reimbursement of storage bill[s] and any unknown items that are not listed;

Replacement of automobile 2009 Camry XLE and including reimbursement of payment for recent auto maintenance job [receipts will be provided]; [actual damages that occurred on 09 2019 vehicle towed for 30days by law enforcement [Adult son Charles & Campos living in the car]; and damages awarded to Taisha Nunga for reimbursement for rental application fees, security deposit and storage bill etc.

**47. Emotional distress damages award to:** Plaintiff[s] [Garland Fort, Michele Fort Joseph Charles and Taisha Nunga;

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

*31 0f 34*

**48. Permanent injunctive relief, RHA's to:** be ordered to make immediate changes to policies and procedures and training its employee[s], staff[s] and volunteer[s];

Require the RHA's individuals who seek reasonable accommodations from the Riverside Housing authority will have access to a process that is easier to navigate, provides timely response, and includes all of the protections afforded by federal civil rights laws. In addition, by bringing its housing inventory into compliance with accessibility requirements for tenants with mobility, vision, and hearing-related impairments so the Housing Authority will be better able to meet the needs of its residents and community; RHA's be required to provide discrimination forms as noted in their policies to ensure that all induvial who may or have been victims of discrimination by RHA's are encouraged to contact the Civil Rights Division-Housing and Civil Enforcement;

and within 30days to replace and hire new RHA's director[s] and for RHA's employee[s] Carrie Harmon and Mike Walsh to permanently be ordered to resigned from their appointment, tenure, position, as an employee of the County of Riverside [employer];

**49. Appropriate equitable relief** RHA's to be ordered to use their own private funding or budget to make monthly housing payments on behalf of the Plaintiff[s] Garland Fort and Michele Fort to pay monthly rent and for the amount not to exceed $2050 per month until Fort is able to use their housing choice voucher; [voucher date must not expired] or agency must be required to reissue new voucher to Fort within 3days from receipt of notice; and also refer # 73-75 Loss of Use Damages in reference

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

to the property located on 1727 Cross Gateway Street 5brf 3bth 2700 amenities included private gated community, security patrol, lakes, pool/spa and park for kids basketball area Fort has found suitable housing in Maricopa County requesting the courts to immediately order the Defendant[s] to pay monthly rent up to $2050.00 per month for 36month or until able to utilize housing choice voucher etc.;

RHA's to be ordered to: provide a list of low-income and/or affordable housing 1 or 2bedroom units and made available ready for immediate move-in within 30days, on behalf of the Fort's adult children[s]; that suffered as result of their wrongdoing Joseph Charles, Aymond Victorian, Garland Fort Jr. and Sydney A. Fort, Labrea Fort, and Maurice R. Fort and God daughter in law, Devin K. Campos AND eligibility for housing choice voucher for Dorothy Woods-Davis and her children;

RHA's to be ordered to provide eligibility packet and issuance of housing choice voucher [3bed] to K. Arnold and J. Washington and his children [upon her/his request to issue of a split voucher if needed];

RHA's to be ordered to: reimbursement of reasonable attorney's fees [to be determined];

**50. RHA's to be ordered to pay punitive damages awarded to**: the Plaintiff[s] Garland Fort, Michele Fort, Joseph Charles and Taisha Nunga family [ to each identifiable victims of Defendant[s] discriminatory housing practices for injuries suffered as a result of Defendant[s] discriminatory conduct pursuant to 42 U.S.C (1)(b) and 3614 (d)(1)(b);

**PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

1  Plaintiff Garland Fort, Michele Fort, Joseph Charles and Taisha Nunga further prays for

2  such additional relief as the interests of justice may require.

3

4

5

6  I declare under penalty of perjury that the statement is true and correct

7

8

9  Signed on this day 12 17 2019 before my Father God of Israel and the Lord Jesus

10  Christ

11

12  Garland Fort, Michele Fort Joseph Charles and Taisha Nunga

13  ///////////////////////////////////////////////////////////////////////////////////////////////////////

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **PLAINTIFF'S IS RESPECTFULLY REQUESTING SEVEN PANEL JUDGE[S]**

34 of 34